O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELSA BIBIANO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 5:16-CV-02284 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In September of 2012, Plaintiff Celsa Bibiano applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10,11). On August 16, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for benefits on September 14, 2012, alleging disability beginning October 20, 2010. (T at 170-76).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 5, 2015, a hearing was held before ALJ Nancy Stewart. (T at 51). Plaintiff appeared with her attorney and testified with the assistance of an interpreter. (T at 56-70). The ALJ also received testimony from Troy Scott, a vocational expert. (T at 70-74).

On May 15, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 25-50). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record transcript at Docket No. 15.

decision on September 15, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-9).

On November 1, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on March 29, 2017. (Docket No. 14). The parties filed a Joint Stipulation on June 27, 2017. (Docket No. 16).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 20, 2010, the alleged onset date, and met the insured status requirements of the Social Security Act through March 30, 2016 (the "date last insured"). (T at 33). The ALJ found that Plaintiff's degenerative disc disease of the cervical spine; carpal tunnel syndrome of the bilateral hands; disorder of the bilateral shoulders (right worse than left); obesity; affective disorder; and anxiety disorder were "severe" impairments under the Act. (T at 33).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 34).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work, as defined in 20 CFR §404.1567 (b), as follows: she can lift/carry 20 pounds occasionally and 10 pounds frequently; push/pull occasionally with the upper extremities; stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; cannot climb ladders, ropes, or scaffolds; cannot work around hazards; cannot perform above-shoulder work; cannot perform forceful gripping, grasping or torqueing bilaterally; can perform frequent handling and fingering with the bilateral hands; and is limited to non-complex tasks. (T at 36).

The ALJ found that Plaintiff could not perform her past relevant work as an upholstery sewer (cover maker) or cushion maker. (T at 43). Considering Plaintiff's age (38 years old on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 43-44).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between October 20, 2010 (the alleged onset

date) and May 15, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 45). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-9).

**D.     Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 16, at p. 5), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed. First, she contends that the ALJ did not adequately assess the medical opinion evidence. Second, she challenges the ALJ's credibility determination. Third, Plaintiff asserts that the ALJ did not sufficiently address the impact of numbness in her hands. This Court will address each argument in turn.

# IV. ANALYSIS

**A.     Medical Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they

can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

In this case, Dr. Raymond Zarins, an orthopedic surgeon, performed a consultative examination on March 22, 2011. Dr. Zarins opined that Plaintiff could not return to her prior employment, should avoid repeated or sustained work at or above shoulder level, avoid repeated or sustained flexion of the left elbow, avoid repeated forceful grasping bilaterally, and avoid repetitive flexion and extension of the wrist. (T at 410). Dr. Zarins reaffirmed these findings following a subsequent evaluation in July of 2014. (T at 1520).

The ALJ gave "significant weight" to Dr. Zarins's opinions. (T at 41). She stated that her RFC findings were not inconsistent with those of Dr. Zarins. (T at 38).

However, the ALJ found that Plaintiff was precluded from "above shoulder work," but could perform shoulder level work bilaterally. (T at 36). This contradicts Dr. Zarins's conclusion that Plaintiff needed to "avoid repeated or sustained work *at or* above shoulder level …." (T at 410)(emphasis added).

In addition, Dr. Zarins opined that Plaintiff was to "avoid repeated forceful grasping bilaterally as well as repetitive flexion and extension of the wrist." (T at 410). The ALJ determined that Plaintiff could perform "frequent handling and fingering with the bilateral hands …." (T at 36).

The ALJ did not reconcile her decision to give significant weight to Dr. Zarins's opinions while apparently rejecting or discounting his assessment of limitation regarding work at shoulder level and repetitive wrist activities. The Commissioner argues that this lack of clarity was harmless because it is not clear that the occupations identified by the vocational expert involve exertional demands that exceed the limitations assessed by Dr. Zarins. This Court declines to find this error harmless or to engage in post-hoc rationalizations. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).

The critical point is that Dr. Zarins assessed limitations that materially differ from those included in the ALJ's RFC determination. The ALJ gave significant weight to Dr. Zarins's opinions without reconciling the inconsistency. This was error requiring remand.

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She was 42 years old as of the date of the administrative hearing. (T at 57). She has her GED. (T at 57). She is 5' 6" tall and weighed 236 pounds. (T at 58). She has had carpal tunnel surgeries on both hands, as well as right shoulder surgery for a rotator cuff tear. (T at 59). Her ability to grip and hold objects is impaired. (T at 61). Pain and sensitivity in her hands, radiating to her shoulders, presents difficulties. (T at 61-62). Other issues, including sleep problems, anxiety, and depression, are related to her problems with her upper

extremities. (T at 66). She lives with her husband. (T at 67). Stress and depression are challenges. (T at 68).

Plaintiff also reported that she was very limited in her ability to perform household chores and attend to personal care. (T at 303). She prefers to be alone due to depressive symptoms. (T at 306). Repetitive movement with the left hand is a significant challenge. (T at 309).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 36-37).

This Court finds that the ALJ erred by discounting Plaintiff's credibility, particularly with regard to the use of her hands. Dr. Zarins opined that Plaintiff was to "avoid repeated forceful grasping bilaterally as well as repetitive flexion and extension of the wrist." (T at 410). This is consistent with Plaintiff's testimony. In addition, the record documents that Plaintiff experienced pain and limitation in her wrists and hands even after multiple carpal tunnel release surgeries. (T at 38, 43, 373, 376, 385-86, 399-400). The ALJ afforded great weight to Dr. Zarins's assessments and reviewed the treatment history, but then determined that Plaintiff could perform "frequent handling and fingering with the bilateral hands …." (T at

36). The ALJ erred by discounting Plaintiff's testimony regarding limitations arising from hand/wrist pain, which testimony was supported by a medical opinion given great weight and by the contemporaneous treatment record. Moreover, Plaintiff has an excellent work record, which provides another reason for crediting her claims. *Pazos v. Astrue*, No. 08-6882, 2009 U.S. Dist. LEXIS 33970, at *29 (Cal. C.D. Mar. 30, 2009). In particular, Plaintiff maintained employment in a physically demanding occupation (furniture manufacturing) with the same employer for more than a decade and occasionally worked two jobs. (T at 312).

C.   RFC

Here, as noted above, the ALJ found that Plaintiff could perform a limited range of light work, including frequent use of her hands bilaterally. (T at 36). This finding is not supported by substantial evidence. While the record indicated some periods of relative improvement regarding Plaintiff's experience of numbness and grip strength in her hands bilaterally (T at 376-77, 392-93), significant symptoms and limitations are nevertheless well-documented. (T at 397-98, 405, 406, 546, 561, 575, 1110-11, 1130, 1132). Dr. Zarins opined that Plaintiff was to "avoid repeated forceful grasping bilaterally as well as repetitive flexion and extension of the wrist." (T at 410). As discussed above, the ALJ afforded great weight to Dr. Zarins' assessments, without reconciling that assessment with the RFC finding that Plaintiff

could frequent handling and fingering with the bilateral hands …." (T at 36). A remand is therefore required for reconsideration and more careful determination regarding the extent of limitation arising from hand and wrist symptoms bilaterally.

**D.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. Although Plaintiff's limitations with regard to the use of her hands and wrists appear to be greater than those assessed by the ALJ, the precise degree of limitation must still be determined and then the impact of that limitation must be considered relative to whether there are jobs that exist in the national economy in significant numbers that Plaintiff might still be able to perform. Because it is not clear from the record that Plaintiff's conditions render her disabled within the meaning of the Social Security Act, a remand for further proceedings is the appropriate result. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant

is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 19th day of March, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE